AO 245D (CASD Rev. 1/19) Judgment in a Criminal Case for Revocations

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

**V.**

DESHON RAYMOND JONES (1)

**JUDGMENT IN A CRIMINAL CASE**
(For Revocation of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

Case Number:   3:20-CR-00892-LAB

Gerard Jeffrey Wasson
Defendant's Attorney

**REGISTRATION NO.**   92837-298

☐  -

THE DEFENDANT:

☒  admitted guilt to violation of allegation(s) No.       1

☐  was found guilty in violation of allegation(s) No.  _____  after denial of guilty.

**Accordingly**, the court has adjudicated that the defendant is guilty of the following allegation(s):

| Allegation Number | Nature of Violation |
| --- | --- |
| 1 | Unlawful use of a controlled substance or Failure to Test; VCCA (Violent Crime Control Act) |

Supervised Release is revoked and the defendant is sentenced as provided in page 2 through **5** of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

April 8, 2024
Date of Imposition of Sentence

HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

AO 245D (CASD Rev. 01/19) Judgment in a Criminal Case for Revocations

| | | |
|---|---|---|
| DEFENDANT: | DESHON RAYMOND JONES (1) | Judgment - Page **2** of **5** |
| CASE NUMBER: | 3:20-CR-00892-LAB | |

## **IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of:
4 months

☐   Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐   The court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐   at _____ A.M.          on _____

☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   on or before

☐   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

## **RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ ,  with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
By _____          DEPUTY UNITED STATES MARSHAL

3:20-CR-00892-LAB

AO 245D (CASD Rev. 01/19) Judgment in a Criminal Case for Revocations

| | | |
|---|---|---|
| DEFENDANT: | DESHON RAYMOND JONES (1) | Judgment - Page **3** of **5** |
| CASE NUMBER: | 3:20-CR-00892-LAB | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
16 months

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
1. The defendant must not unlawfully possess a controlled substance.
2. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)

3. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)

4. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)

5. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)

6. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D (CASD Rev. 01/19) Judgment in a Criminal Case for Revocations

| | | |
|---|---|---|
| DEFENDANT: | DESHON RAYMOND JONES (1) | Judgment - Page **4** of **5** |
| CASE NUMBER: | 3:20-CR-00892-LAB | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision.  These conditions are imposed   because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation   officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1.  The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

1.  After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

2.  The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

3.  The defendant must answer truthfully the questions asked by their probation officer.

4.  The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

5.  The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

6.  The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. As an alternative to employment as described in this condition, the defendant may seek and maintain full time schooling or a combination of employment and schooling.

7.  The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

8.  If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

9.  The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

10. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

11. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

12. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245D (CASD Rev. 01/19) Judgment in a Criminal Case for Revocations

| | | |
|---|---|---|
| DEFENDANT: | DESHON RAYMOND JONES (1) | Judgment - Page **5** of **5** |
| CASE NUMBER: | 3:20-CR-00892-LAB | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

2. Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Submit to testing three times a month for one year. The probation officer may modify or eliminate testing after one year if no dirty tests are reported. The defendant must not use or possess marijuana under any circumstances.

3. Submit to a search of person, property, house, residence, office, vehicle, papers, cellular phone, computer or other electronic communication or data storage devices or media effects, conducted by a United States Probation Officer or any federal, state, or local law enforcement officer, at any time with or without a warrant, and with or without reasonable suspicion. Failure to submit to such a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition.

4. Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

5. Resolve all outstanding warrants within 60 days.

6. Seek and maintain full time employment and/or schooling or a combination of both.

7. Enroll in and successfully complete residential drug treatment program as directed by the probation officer.

8. Participate in a cognitive behavioral treatment program as directed by the probation officer, and if deemed necessary by the probation officer. Such program may include group sessions led by a counselor, or participation in a program administered by the probation office. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

//

3:20-CR-00892-LAB